Johnson, J.
George ~Welply and others brought suit in the common pleas court of Hamilton county against Sarah A. Craig and others to set aside a deed *313 of conveyance and the transfer of stock in certain corporations which had been made by Joseph and Jane Welply prior to their death. An issue was made up between the parties.
On the trial the court found the issues in favor of the plaintiffs, and on June 11, 1920, the decree in their favor was entered on the journal. On the following day, June 12, 1920, the defendants filed a motion for a new trial. On June 25, the motion for a new trial was overruled and entry made on the journal. On the 21st of August, 1920, Sarah A. Craig and others filed their petition in error in the court of appeals. Thereafter the defendants in error filed a motion to dismiss the proceeding in error on the ground that the petition in error had not been filed within the statutory time of seventy days after the entry of the final decree. The court of appeals sustained that motion.
Therefore, the decisive question in the ease here is whether the petition in error was filed too late in the court of appeals.
Section 12270, General Code, provides: “No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of.”
Section 6, Article IV of the Constitution as amended in 1912, confers jurisdiction upon courts of appeals to review, affirm, modify or reverse judgments of courts of common pleas, superior courts and other courts of record within the district, and it is well settled by the decisions of this court that the general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution, but may pro *314 vide by law the method of exercising that jurisdiction. Cincinnati Polyclinic v. Balch, 92 Ohio St., 415; Wagner v. Armstrong, 93 Ohio St., 443; Barnes v. Christy, 102 Ohio St., 160, and Russell, Admr., v. Fourth National Bank, 102 Ohio St., 248.
The Constitution of 1912, in the schedule, expressly saves the laws then in force which are not inconsistent therewith. Therefore, statutory provisions which are applicable to the method of exercising the jurisdiction of the court of appeals are still valid and effective.
It is contended by plaintiffs in error that the time begins to run under the statute referred to above on the overruling of the motion for a new trial.
The question has been before this court in a number of cases, but the frequency with which this and kindred questions have been presented justifies a report of the case.
In Young v. Shallenberger, 53 Ohio St., 291, it was held that “The right, or cause of a proceeding in error, accrues at the time of the rendition of the judgment, or making of the final order, and, under section 6723, of the Revised Statutes, such proceeding must be commenced within six months from that time; if commenced thereafter, the court acquires no jurisdiction of the case, and the petition should be dismissed.” In the fourth proposition of the syllabus it is held: “The overruling of a motion for a new trial is not a final order to which error can be prosecuted.”
In Dowty v. Pepple, 58 Ohio St., 395, it was held that “The six months within which error proceedings may be commenced under section 6723, Revised Statutes, begins to run from the date of the judgment *315 sought to be reversed, and not from the overruling of the motion for new trial. Nor is the ease different although the reason for delay in passing upon the motion for a new trial was that the trial judge was a non-resident of the county and absent therefrom until after the expiration of the six months.”
Nor do the provisions of Section 11599, General Code, apply to the case before us. It is there provided that “when a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.”
Under the provisions of the section quoted the judgment would not be entered except at the time and in the manner stated. When entered, it, for the first time, becomes the judgment of the court, and from that time the statute of limitations for the filing of a petition in error applies. But in this case there was no trial by jury and the judgment of the court was entered on June 11. That became the date of the judgment and the time from which the statute of limitations must be computed.
In several recent cases we have decided that the court speaks by its journal and that the date of the judgment is the date of its entry upon the journal of the court. Industrial Commission v. Musselli, 102 Ohio St., 10, and State, ex rel. Smith, v. Hoffman, 103 Ohio St., 391.
*316 By following the plain provisions of the statute in the exercise of the vigilance which the statute requires, no harm can come to litigants.
Proceedings for the review and correction of errors are an essential part of our system of jurisprudence. These rights are now specially reserved to litigants by the constitution itself. No purely technical or unsubstantial objection should be allowed to interfere with the right to invoke the jurisdiction thus preserved, nor with its exercise by the court upon which the jurisdiction is conferred. But a proceeding in error is an independent action adversary in character, and the court cannot acquire jurisdiction of the case until the defendant is legally brought before it. It is the substantial right of the defendant to insist that he be brought into court within the time fixed by law as the limit for the commencement of the suit, unless the running of the statute has been tolled in some manner, or for some reason provided by law. To hold otherwise would be to destroy the salutary effect of statutes of repose.
The legislature having fixed the time within which a proceeding to reverse a judgment shall be commenced, the court is powerless to enlarge or alter the terms.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.